UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice Ian Wilson, | ) | C/A No. 4:11-2767-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Florence County Detention Center; | ) | |
| Mrs. Nancy Truluck, *Nurse*; | ) | |
| Dr. Lane Wilner, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court because of Plaintiff's failure to comply with the magistrate judge's order (ECF No. 12) of December 28, 2011. A review of the record indicates that the magistrate judge ordered Plaintiff to submit the items (Forms USM-285) needed to render this case into "proper form" within twenty-one (21) days, and that if he failed to do so, this case would be dismissed *without prejudice*.

The Office of the Clerk of Court mailed the "proper form" documents and a copy of the order of December 28, 2011, to Plaintiff at the address listed on the Complaint. On January 5, 2012, the envelope containing the copy of the order of December 28, 2011 and the "proper form" documents were returned by the United States Postal Service to the Clerk's Office as undeliverable (ECF No. 16). Detention center notations on the envelope (ECF No. 16) indicate that Plaintiff has been released.

Since Plaintiff has not provided the court with a current address at which he can receive mail pertaining to his case, he has failed to prosecute this action. *Cf. Link v. Wabash Railroad Company*, 370 U.S. 626 (1962). Moreover, the United States Court of Appeals for the Fourth Circuit has upheld dismissals of cases where *pro se* litigants have not kept a Clerk's Office and opposing counsel informed of a change of address. *See*, *e.g.*, *Woltz v. Chater*, No. 95-2539, 74 F.3d 1235 [Table], 1996 WL 23314 (4th Cir. Jan. 23, 1996); and *cf. In Re Hebron*, No. 95-8012, 64 F.3d 657 [Table], 1995 WL 501350 (4th Cir. Aug. 25, 1995) (mandamus relief denied where *pro se* litigant failed to notify district court of his change of address). *Cf. also United States v. Battle*, 993 F.2d 49 (4th Cir. 1993) (failure to notify probation officer of change of address is a violation of terms of supervised release and may justify revocation of supervised release).

Accordingly, the captioned case is dismissed *without prejudice*. The Clerk of Court shall close the file.*

IT IS SO ORDERED.

February 3, 2012                     /s/ Margaret B. Seymour
Columbia, South Carolina             Chief United States District Judge

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is, hereby, notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

*Under the General Order (Misc. No. 3:07-MC-5014-JFA) filed on September 18, 2007, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (901 Richland Street, Columbia, South Carolina 29201).